Filed 7/6/26  P. v. Sydnor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>ANTJUAN SYDNOR,<br>        Defendant and Appellant. | C102771<br><br>(Super. Ct. No. 15F03945) |

In 2017, defendant Antjuan Sydnor was convicted of first degree murder and robbery.  The trial court sentenced Sydnor to life in prison without parole plus 25 years to life.  Sydnor appealed, and this court affirmed the convictions but remanded the case to the trial court to consider whether to exercise its discretion under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill 620) to strike a firearm enhancement.  In 2022, the trial court held a resentencing hearing and declined to exercise its discretion to strike any enhancements.  Sydnor again appealed, and this court held the court did not abuse its discretion but further remanded the case to the trial court to exercise its discretion under Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) and Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Assembly Bill 518).  At resentencing, the trial court reduced

1

Sydnor's robbery sentence to the middle term, stayed pursuant to Penal Code section 654.[1]

On appeal, Sydnor claims the trial court failed to conduct a full resentencing under Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill 600) and to resentence Sydnor under Senate Bill 567, Assembly Bill 518, or any other intervening changes in the sentencing statutes. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Sydnor and a codefendant entered the home of B.D.[2] and his girlfriend and forced them to the floor. Sydnor and the codefendant then beat B.D. while repeatedly asking him for money. When B.D. did not give them money, Sydnor shot B.D. in the head killing him.

An amended information charged Sydnor with first degree murder (§ 187, subd. (a)) with a robbery special circumstance (§ 190.2, subd. (a)(17)), and robbery (§ 211). As to both counts, the amended information alleged Sydnor personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).

A jury convicted Sydnor of both counts and found the special circumstance and firearm enhancement allegations true. The trial court sentenced Sydnor to life without parole for murder, plus a consecutive term of 25 years to life for the firearm enhancement. The court imposed the upper term of six years, plus a consecutive term of 25 years to life for the firearm enhancement, stayed pursuant to section 654.

Sydnor appealed, and this court affirmed the convictions but remanded the case to the trial court for it consider its discretion to strike the firearm enhancement under Senate

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     To protect their privacy, we refer to the victims by their initials. (Cal. Rules of Court, rule 8.90(b)(4), (10).)

Bill 620.  (*People v. Sydnor* (May 27, 2021, C085040, C085760) [nonpub. opn.] (*Sydnor I*).)[3]

The trial court held a resentencing hearing and declined to strike the firearm enhancement.  Prior to resentencing, the court stated the case was " 'remanded to this Court solely to exercise the Court's discretion under the intervening legislation, [Senate Bill] 620, from 2017 that now gives the Court the discretion to strike the enhancement for personal discharge of a firearm causing death … .  There is not a full resentencing.' " (*People v. Sydnor* (Jan. 19, 2024, C096333) [nonpub. opn.] (*Syndor II*).)  The trial court declined to exercise its discretion, explaining it had " 'two reasons under what I'm calling the old traditional interest of justice analysis.  Looking at the circumstances of the crime, the fact that [Sydnor] was on federal parole at the time and conduct in prison, there are no mitigating circumstances that would argue it's in the interest of justice to strike the enhancement.  [¶]  Under a more specific analysis of the Legislature's amendment to [section] 1385[, subdivision ](c), I don't think this results in a sentence that exceeds 20 years.  Obviously it's life without [parole], but I think the Legislature there was talking about determinant sentencing; otherwise, the enhancement under 12022.53[, subdivision ](d) could not be applied.  But assuming for the sake of argument that 20-year sentence is a mitigating factor, the Court would still find that dismissal could endanger public safety given the nature of the circumstances of this offense.  I'm going to not exercise my discretion to resentence, and I'm not modifying the sentence at all from the remitt[itu]r.' "  (*Syndor II, supra*, C096333.)

Sydnor again appealed, and this court concluded the trial court abused its discretion because it held a resentencing hearing " 'solely to exercise' " its discretion under Senate Bill 620.  (*Sydnor II, supra*, C096333.)  Our court noted the trial court

---

[3]     We take judicial notice of our opinions from Sydnor's prior appeals (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a)).

failed to consider intervening changes in the sentencing statutes, specifically Senate Bill 567 and Assembly Bill 518, and the record gave no "clear indication" that the court was aware of the scope of its discretion. (*Sydnor II, supra*, C096333.) We remanded the case "for the trial court to consider exercising its discretion under Senate Bill No. 567 and Assembly Bill No. 518," and to "consider any additional, applicable changes to sentencing laws." (*Sydnor II, supra*, C096333.)

On remand, Sydnor filed a sentencing brief requesting the trial court resentence him under Senate Bill 567, Assembly Bill 518, and Assembly Bill 600. At the resentencing hearing, defense counsel requested a "full resentencing." The trial court responded, "the Court appreciates that it has the discretion to do a full resentencing based upon the changes in the law, and everything is back on the table." Defense counsel asked the court to focus on postconviction factors, highlighting Sydnor's efforts while in custody but also acknowledging the seriousness of the crimes.

The prosecution asserted that defense counsel was inviting the trial court to conduct a full resentencing on its own motion, which the court was "perfectly within its right to decline." The trial court responded, "You needn't spend time on this part of it. I just wanted to make clear that I appreciate that I have the authority to upend the whole thing and revisit all of the sentences. I don't intend to do that."

Defense counsel clarified that although the brief included a request for the trial court to resentence Sydnor under Assembly Bill 600, Sydnor also was eligible for a full resentencing because of the case "returning for review" under Senate Bill 567 and Assembly Bill 518.

The trial court described the crime as a "grievously violent murder," done in an "execution-style" manner, by someone with a lengthy criminal history. The court also recognized Sydnor "made some positive steps" while incarcerated. It nevertheless found, "given the disproportionate grievous nature of the crime," the mitigating evidence did not constitute an "offset."

4

The trial court followed, "I do think that the only issue that I would entertain here is not a resentencing, not a full resentencing — even though I want the record to be clear that I believe I have that authority and could find a basis to conclude that, I do not see the basis on this record.  [¶]  The Court could revisit the [section] 654 issue, which is briefed. I am not going to do that.  I do want the record to show that I understand what discretion I have in that regard, but I am concluding that the sentence that [the prior judge] imposed is a proper sentence on the facts and circumstances of this case, with the exception that because there were no aggravating factors found in connection with the basis for supporting an upper term on the [section] 211 conviction, the robbery conviction, that you are entitled, of course, to be sentenced to less than that.  In other words, to a middle term or a low term."

The trial court took into account Sydnor's criminal history when deciding between the lower term and the midterm.  Based upon the nature of the offense, "the role of the robbery in the mix" and "the fact that [the robbery conviction is] being stayed … under 654 of the Penal Code," the court found no basis for the lower term.  It imposed the middle term of four years for the robbery count, which it stayed under section 654 along with the associated firearm enhancement.  The court sentenced Sydnor to life in prison without parole for murder and a consecutive term of 25 years to life for the associated firearm enhancement.

Sydnor filed a timely notice of appeal.

## DISCUSSION

Sydnor claims the trial court did not exercise its discretion at the resentencing hearing, nor understand its discretion.  We disagree.

### I.  Senate Bill 567

Effective January 1, 2022, Senate Bill 567 amended section 1170 to make " 'the middle term the presumptive sentence' unless aggravating circumstances admitted or proved beyond a reasonable doubt justify the upper term."  (*People v. Fox* (2023)

5

90 Cal.App.5th 826, 831.) Senate Bill 567 also amended section 1170 such that it requires the imposition of the lower term if any one of certain enumerated mitigating factors was a contributing factor in the commission of the offense unless "imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

As an initial matter, the People argue Sydnor forfeited this claim because Sydnor did not ask the trial court to consider the lower term. We disagree. Because Sydnor's brief asked the court to resentence him under Senate Bill 567 Sydnor did not forfeit this claim.

We review a court's sentencing decisions for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 371.) Under this deferential standard, a reviewing court may set aside the sentencing court's decision only if it is "arbitrary, capricious, or so outside the bounds of reason as to render its ruling an abuse of discretion." (*People v. Thomas* (2023)14 Cal.5th 327, 400.)

Here, the trial court applied section 1170, as amended by Senate Bill 567. It acknowledged that no aggravating factor was admitted by Sydnor or proven by a reasonable doubt and noted that it had to choose between the middle and lower term. Based on the nature of the offense, Sydnor's criminal history, and the facts of the case, the court concluded the middle term was proper. This was not an abuse of the court's discretion.

## II. Assembly Bill 518

Effective January 1, 2022, "[a]s amended by Assembly Bill 518, … section 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

During the resentencing hearing the trial court stated, "The Court could revisit the [section] 654 issue … . I am not going to do that." On its face, that could be taken as the court refusing to engage in an Assembly Bill 518 analysis. When taken in full context,

however, it appears the court understood it had the discretion to stay the murder sentence under section 654 but declined to do so. The court agreed with the logic of the previous sentencing judge, based "on the facts and circumstances of this case," in deciding to stay the robbery conviction. We see no abuse of discretion here either.

### III. Assembly Bill 600

Assembly Bill 600, effective January 1, 2024 (Stats. 2023, ch. 446, § 2), amended section 1172.1 to permit a trial court to recall and resentence a defendant "on its own motion … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) Assembly Bill 600 also added section 1172.1, subdivision (c), which specifically provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

Sydnor claims the trial court misunderstood its discretion when it stated that it could conduct a full resentencing but did "not see the basis on this record" because it did not have discretion to decline a full resentencing. We find no error.

When read in context, the record demonstrates that the trial court was discussing its discretion under section 1172.1. Defense counsel requested that the court focus on Sydnor's request for a full resentencing and the postconviction efforts Sydnor made while incarcerated. The prosecutor noted that Sydnor was asking the court, on its own motion, to "open this to a full resentencing," which the court was "perfectly within its right to decline." Defense counsel conceded a full resentencing was not a right under Assembly Bill 600. The court recognized its discretion under section 1172.1 but simply declined to exercise its discretion. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 [the trial court is excused from any responsibility to respond to a defendant's request for resentencing under Assem. Bill 600].) We find no error.

## IV. Additional Claims

Sydnor also claims the trial court failed to consider any additional changes to sentencing laws at his resentencing hearing. We disagree.

### A. Section 1385

Sydnor claims the trial court failed to apply Senate Bill No. 81 (2021-2022 Reg. Sess.) at his 2024 resentencing hearing. Senate Bill No. 81 became effective January 1, 2022. The trial court resentenced Sydnor in April 2022. Therefore, Senate Bill No. 81 does not constitute a change in sentencing laws because it was already in effect at the 2022 resentencing hearing. Because Sydnor did not ask the court to strike either enhancement under section 1385 at the resentencing hearing Sydnor forfeited this claim.

### B. People v. Tirado

Sydnor claims the trial court could have imposed a lesser enhancement under *People v. Tirado* (2022) 12 Cal.5th 688. The People claim Sydnor forfeited this claim because Sydnor did not raise the claim at sentencing. We agree. Sydnor raised this issue for the first time on appeal and as such it is forfeited. (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

### C. People v. Lynch

Lastly, Sydnor appears to claim the trial court previously imposed an upper term sentence on the robbery conviction in error, citing *People v. Lynch* (2024) 16 Cal.5th 730, 759 ("An upper term sentence may be imposed 'only' when circumstances in aggravation 'justify' that term, and 'only' when the facts underlying 'those' justifying circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt at a jury or court trial"). This claim is moot because the court imposed the middle term at resentencing, not the upper term.

## DISPOSITION

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
ROBIE, J.

/s/
MAURO, J.

9